DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**I.K.P.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-3581 and 4D20-211

[February 3, 2021]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case Nos. 50-2019-CJ-001263-XXXX-SB, 50-2019-CJ-001280-XXXX-SB, and 50-2019-CJ-002224-XXXX-SB.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

I.K.P., a child, appeals an order of restitution and an order committing her to a high risk, secure residential program. She argues that the trial court erred in entering the restitution order because the state failed to prove the causal connection between the damages awarded and the criminal act charged. The state properly concedes error with respect to this point, and we reverse. "When the state fails to prove that a defendant's criminal episode has a causal connection to the victim's loss, restitution for that loss is improper." *E.J.A. v. State*, 301 So. 3d 290, 292 (Fla. 4th DCA 2020). As we explained in our reversal of the restitution order imposed against I.K.P.'s codefendant, the state failed to establish a causal connection between the offense of burglary of a conveyance and damages for towing and re-keying the car. *See id.* at 291-92. Accordingly, "we accept the state's confession of error, affirm the disposition, and reverse and remand for the trial court to vacate its restitution order." *See id.* at 293.

We find no error with respect to the order of commitment, which we affirm.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN, CIKLIN and KLINGENSMITH, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**